NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

APR 28 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 21-30066 |
| Plaintiff-Appellee, | D.C. Nos. |
| v. | 4:20-cr-00049-BMM-1 |
| | 4:20-cr-00049-BMM |
| CHRISTOPHER MICHAEL STEBBINS, | |
| Defendant-Appellant. | MEMORANDUM[*] |

Appeal from the United States District Court
for the District of Montana
Brian M. Morris, District Judge, Presiding

Argued and Submitted February 7, 2022
Portland, Oregon

Before: PAEZ and NGUYEN, Circuit Judges, and TUNHEIM,[**] District Judge.

Appellant Christopher Stebbins was charged with and convicted of Conspiracy to Possess with Intent to Distribute Methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 846 and Attempted Possession with Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. Stebbins

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable John R. Tunheim, Chief United States District Judge for the District of Minnesota, sitting by designation.

appeals his convictions and the district court's 150-month sentence. We affirm both of Stebbins' convictions and his 150-month sentence.

1. There was sufficient evidence to sustain Stebbins' conspiracy conviction. Although Stebbins' co-conspirator denied that they had explicitly agreed to sell meth together, a conspiracy may be inferred from the defendants' conduct or other circumstantial evidence. *United States v. Lapier*, 796 F.3d 1090, 1095 (9th Cir. 2015). At trial, the jury heard testimony that Stebbins received increasingly large amounts of meth and that his seller broke down the meth into two-ounce baggies. The shipments started with a quarter-pound package of meth and culminated in a two-pound package of meth that led to Stebbins' arrest. The jury also heard testimony that Stebbins' seller connected him with other meth suppliers, relayed Stebbins' specific packaging instructions to the new suppliers, and assumed financial responsibility for a lost package of meth that was supposed to be sent to and paid for by Stebbins.

Stebbins argues that there was only a buyer-seller relationship with his co-conspirator, but a rational juror could have found that there was a tacit agreement to sell meth. *Jackson v. Virginia,* 443 U.S. 307, 319 (1979).

2. The testimony of Stebbins' fiancée, Troylynn Brown, was sufficient evidence to sustain his possession with intent to distribute conviction.

Although portions of Brown's testimony contradicted her previous statements

to law enforcement agents, her testimony that she intended to use some of the meth that Stebbins bought was uncontradicted. The jury was properly instructed on its ability to determine Brown's credibility and Stebbins has not demonstrated that her testimony was so incredible that we must overrule the jury's determination. *See United States v. Yossunthorn,* 167 F.3d 1267, 1270 (9th Cir. 1999); *United States v. Leung,* 35 F.3d 1402, 1405 (9th Cir. 1994). Therefore, a juror could reasonably conclude that Stebbins intended to distribute the meth to Brown, and the evidence was sufficient to sustain his conviction.

3. The district court did not err in imposing a 150-month sentence. The district court explicitly stated that it considered the applicable 18 U.S.C. § 3553(a) factors when imposing the sentence that was 38 months below Stebbins' guideline range. The district court also properly summarized and addressed that Stebbins' co-conspirator's sentence did not warrant Stebbins receiving less than 150 months. Stebbins' sentence was therefore not procedurally erroneous and is substantively reasonable. *Gall v. United States*, 552 U.S. 38, 46, 49-51 (2007).

**AFFIRMED.**